**Don WILLIAMS, aka Donald Williams, Plaintiff–Appellant,**

v.

**I.B. FISCHER NEVADA; I.B. Fischer Properties, Inc.; Ira Fischbein; Foodmaker, Inc., Defendants–Appellees.**

No. 92–15463.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 1993.[*]

Decided July 21, 1993.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P.

34(a) and Ninth Circuit Rule 34–4.

Ian Christopherson, Burke & Christopherson, Las Vegas, NV, for plaintiff-appellant.

John W. Field, Jones, Jones, Close & Brown, Chartered, Las Vegas, NV, for defendants-appellees I.B. · Fischer Nevada, I.B. Fischer Properties, and Ira Fischbein.

James R. Olson, Rawlings, Olson & Cannon, Las Vegas, NV, for defendant-appellee Foodmaker.

Before: WALLACE, Chief Judge, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

Williams appeals from the district court's summary judgment for I.B. Fischer Nevada, I.B. Fischer Properties, Inc., and Ira Fisch-

bein (together Fischer) and Foodmaker, Inc. (Foodmaker). Williams argues that the court erred in rejecting his antitrust claims against Fischer and Foodmaker on the ground that they constitute a common enterprise, incapable of conspiring to restrain trade. The district court exercised jurisdiction under 15 U.S.C. § 15(a) and 28 U.S.C. § 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

## I

The facts of this case are described in the district court's published order, *Williams v. I.B. Fischer Nevada,* 794 F.Supp. 1026, 1029 (D.Nev.1992) (*Fischer Nevada*). We briefly summarize them here. Foodmaker is the franchisor of Jack-in-the-Box restaurants, and Fischer is a franchisee. Foodmaker requires all of its franchisees to consent to a "no-switching" agreement, whereby the franchisees agree not to offer employment to the manager of another Jack-in-the-Box within six months of that manager's termination from employment, unless that manager obtains a release from the franchisee of the Jack-in-the-Box he or she is leaving. Williams managed a Jack-in-the-Box restaurant owned by Fischer and located in Las Vegas, Nevada. Williams wished to relocate to another Jack-in-the-Box, opening in Arizona, but Fischer would not give him the requisite release.

Williams sued Fischer and Foodmaker, alleging that the no-switching agreement violated sections 1 and 2 of the Sherman Antitrust Act (Sherman Act), 15 U.S.C. §§ 1 & 2. In a well-reasoned order, the district court held that Williams's section 1 claims must fail because Foodmaker and Fischer are a common enterprise incapable of conspiring. *Fischer Nevada,* 794 F.Supp. at 1030–33. In rejecting the only one of Williams's section 2 claims that he pursues on appeal, the court held that the no-switching agreement is not anticompetitive and thus cannot violate section 2. *Id.* at 1034.

## II

We review the district court's summary judgment independently, and like the district court we must apply the standard prescribed by Federal Rule of Civil Procedure 56(c). *United Steelworkers of America v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540 (9th Cir.) (en banc), *cert. denied,* 493 U.S. 809, 110 S.Ct. 51, 107 L.Ed.2d 20 (1989). Under that standard, we will affirm an award of summary judgment if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Williams first challenges the district court's rejection of his Sherman Act section 1 claims. He argued in the district court that the no-switching agreement constitutes an unreasonable restraint of trade and a group boycott, both in violation of section 1. We agree with the reasoning employed by the district court in addressing these claims and with the court's conclusions. *See Fischer Nevada,* 794 F.Supp. at 1030–33.

■ We made it clear in *Las Vegas Sun, Inc. v. Summa Corp.,* 610 F.2d 614, 617 (9th Cir.1979), *cert. denied,* 447 U.S. 906, 100 S.Ct. 2988, 64 L.Ed.2d 855 (1980), that section 1 claims require proof of a conspiracy to restrain trade. To be capable of conspiring, corporate entities must be "sufficiently independent of each other." *Id.* Whether corporate entities are sufficiently independent requires an examination of the particular facts of each case. *Id.* We agree with the district court that, based on the undisputed facts in this case, Fischer and Foodmaker are incapable of conspiring. *Fischer Nevada,* 794 F.Supp. at 1030–31. The evidence cited by the district court, *id.* at 1031, clearly demonstrates that Fischer and Foodmaker comprise a "common enterprise." *See Thomsen v. Western Elec. Co.,* 680 F.2d 1263, 1266–67 (9th Cir.) (*Thomsen*) (similar evidence relied upon to conclude that AT & T, Western Electric, and Pacific Telephone constituted a "common enterprise"), *cert. denied,* 459 U.S. 991, 103 S.Ct. 348, 74 L.Ed.2d 387 (1982).

448

■ The conclusion that Fischer and Foodmaker were incapable of conspiring defeats Williams's argument that the no-switching agreement unreasonably restrains trade in violation of section 1. This conclusion also defeats Williams's argument on appeal that the no-switching agreement constitutes a group boycott "and is thus per se illegal." As the district court explained, only group boycotts engaged in by competitors are per se illegal. *See Calculators Hawaii, Inc. v. Brandt, Inc.,* 724 F.2d 1332, 1337 n. 2 (9th Cir.1983). Foodmaker and Fischer are not competitors.

■ Williams's section 2 argument on appeal is brief and opaque. Although difficult to decipher, it is apparent that his section 2 argument, like his section 1 argument, rests on the no-switching agreement. We need go no farther in guessing the argument because "a § 1 claim insufficient to withstand summary judgment cannot be used as the sole basis for a § 2 claim." *Thomsen,* 680 F.2d at 1267; *see also Foremost Pro Color Inc. v. Eastman Kodak Co.,* 703 F.2d 534, 543 (9th Cir.1983) (because conduct alleged in support of section 1 claim not anticompetitive, it "is of no assistance" in attempt to state section 2 claim), *cert. denied,* 465 U.S. 1038, 104 S.Ct. 1315, 79 L.Ed.2d 712 (1984). As the no-switching agreement is not anticompetitive and thus does not establish a section 1 claim, it cannot form the basis of a section 2 claim.

AFFIRMED.